UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ABELARDO AVILEX CARBAJAL et al** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | No. 16-12870 |
| | * | |
| **JERRY LARPENTER et al** | * | SECTION "L" (5) |

## ORDER & REASONS

Before the Court are two Motion to Dismiss, R. Docs. 9, 22, filed by Defendants Dallas Bookenberger and Joseph Renfro and Defendants Jerry Larpenter and Travis Sanford. Plaintiffs respond to each motion. R. Docs. 16, 23.

### I. BACKGROUND:

Abelardo Avilex Carbajal ("Mr. Carbajal"), Santa D. Carbajal ("Mrs. Carbajal"), and Max Carbajal ("Max" and together, "Plaintiffs") have filed a 42 U.S.C. § 1983 claim alleging injuries sustained during alleged police misconduct. Plaintiffs claim that Defendants Jerry Larpenter, Sheriff of Terrebonne Parish ("Larpenter"), Dallas Bookenberger, ("Bookenberger"), Travis Sanford, ("Sanford"), and Joseph Renfro, ("Renfro"), narcotic agents of Terrebonne Parish Sherriff's Narcotics Strike Force, (together, "Defendants") violated Plaintiffs' civil rights during the preparation and execution of a search warrant on July 16, 2015. R. Doc. 1 at 1-4.

The events in question began when agents Bookenberger, Renfro, and Sanford allegedly conducted several "trash pulls," in which they emptied trashcans located near the front of the Carbajal residence. *Id*. at 5. The first "trash pull," which occurred on July 7, 2015 at 4:31 a.m., allegedly yielded white plastic packaging wrapped with grey duct tape that agents tested with an NIK field test kit, which tested positive for cocaine residue. *Id*.at 5. The second "trash pull" was

1

conducted by the same three agents on July 14, 2015, and allegedly yielded a "marijuana shake" weighing .34 grams. Agents again used an NIK field test kit to test the substance; the test showed a presumptive result of THC. *Id*. at 5-6.

Plaintiffs claim that Bookenberger, assisted by Sanford and Renfro, then executed a 13-page affidavit for a search warrant alleging that Abelardo Carbajal ("Abelardo") engaged in a multi-year scheme of large-scale distribution of cocaine and marijuana in Terrebonne, Lafourche, and Assumption Parishes. *Id*. at 2. Plaintiffs claim the information in that affidavit regarding their criminal culpability was "untrue, wildly speculative, or made with reckless disregard for the truth." *Id*.

On the basis of this affidavit, Judge David Arceneaux, a State District Court Judge of Terrebonne Parish, Louisiana, signed the search warrant dated July 15, 2016. *Id* at 3. At approximately 5:09 a.m. on July 16, 2015, thirty-three agents from the Terrebonne Narcotics Task Force, the Terrebonne Parish Sheriff's Office, the Department of Homeland Security, the United States Customs Service, and the Louisiana State Police raided Plaintiffs' residence. *Id*. at 4. Plaintiffs allege that agents removed Mr. and Mrs. Carbajal from their bed, handcuffed them, and had them lay on the floor for the duration of the search; Mrs. Carbajal, who was not clothed, claims a request for a blanket was denied. *Id*. Agents also handcuffed Max. *Id*. Plaintiffs maintain that agents removed paneling from their walls and emptied every drawer in the residence. They further assert that the agents searched an outbuilding occupied by another relative, and searched all of their oyster vessels located down Bayou Dularge next to the home, including one owned by Mr. Carbajal's daughter and son-in-law. *Id*. at 4-5. Agents allegedly seized pistols legally owned by Mr. Carbajal, ammunition, paperwork, various cell phones, a purse, and $1,212.50. *Id*. at 5. These items were entered into evidence along with the items

obtained through the earlier "trash pulls," though Plaintiffs contend the affidavit did not detail from which trash cans this evidence came nor how the agents determined the items belonged to Mr. Carbajal. *Id*. The evidence was also never sent to the State Police lab for conformation of the positive field test results. *Id*. at 6. This search lasted approximately 2.5 hours. *Id*. at 5.

Although the agents' search of the Carbajal residence yielded nothing illegal, Mr. Carbajal was arrested on an arrest warrant signed and executed on the basis of Agent Bookenberger's affidavit. *Id*. at 6. Mr. Carbajal was charged with possession with intent to distribute cocaine and marijuana, and possession of drug paraphernalia. *Id*. at 6. The State's case against Mr. Carbajal was dismissed on October 8, 2015 by Judge George Larke in the 32nd Judicial District Court for Terrebonne Parish, who reportedly called the case "one of the weakest he had ever seen." *Id*. at 11.

Plaintiffs maintain that the search warrant affidavit signed by Agent Bookenberger was so false as to indicate bad faith and ill intent, and upon removal of the false and speculative content, the remainder does not set forth probable cause to support the issuance of a search or arrest warrant. *Id*. at 7. Plaintiffs allege that the bulk of the affidavit providing justification for the search and arrest warrant was based on information provided by purported confidential informants, the names of whom Defendants refused to disclose in state court. *Id*. at 7-12. Plaintiffs detail the purportedly false and unsubstantiated information. *Id*. Plaintiffs also allege that other information put forth in the affidavit is false and that Defendants misled the prosecutor into filing charges on the basis of a false affidavit *Id*. at 7-12.

Plaintiffs' loss includes approximately $10,000 in damage to their home and property, as well as the cash seized and forfeited during the search. *Id*. at 6. Plaintiffs also assert other losses such as extreme mental anguish, humiliation, physical pain and suffering, among others. *Id*. at

3

12-14. In total, Plaintiffs seek $1,500,000 in damages. *Id*. at 14.

## II. PRESENT MOTION

Defendants Bookenberger and Renfro bring the present Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and invoke their right to qualified immunity. R. Doc. 9-1. Defendants maintain that Plaintiffs have failed to demonstrate that any information was omitted or misrepresented in the warrant affidavit, or that facts included in the affidavit were of such a character that no reasonable officer would have submitted them to a magistrate, thus failing to overcome Defendants' entitlement to qualified immunity. R. Doc. 9-1 at 13. Plaintiffs respond and argue Defendants are not entitled to qualified immunity. R. Doc. 16. However, Plaintiffs agree that their Fifth Amendment claims are improper against these Defendants, and abandon those claims. R. Doc. 16 at 5.

Defendants Larpenter and Sanford subsequently filed a motion to dismiss Plaintiffs' claims against them. R. Doc. 22. In response, Plaintiffs agree that dismissal is appropriate and consent to Larpenter and Sanford's dismissal. R. Doc. 23.

## III. LAW AND ANALYSIS

When a defendant raises a defense of qualified immunity in response to a plaintiff's § 1983 claim, the district court has discretion to require the plaintiff to file "a reply tailored to an answer pleading the defense of qualified immunity." *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995)). When this opportunity would assist the court in resolving the issue, the court's discretion to order such a pleading is "very narrow." *Id*.

Here, Plaintiffs did briefly address Defendants' qualified immunity claims in their response to Defendants' Motion to Dismiss. However, the Court finds it would be helpful for Plaintiffs to submit a supplemental response specifically addressing whether Defendants Bookenberger and Renfro are entitled to qualified immunity in regards to Plaintiffs claims under the Fourth and Fourteenth Amendments.

## IV. CONCLUSION

Therefore, **IT IS ORDERED** that Defendants Larpenter and Sanford's Motion to Dismiss, R. Doc. 22, is hereby **GRANTED**. Plaintiffs claims against Defendants Jerry Larpenter and Travis Sanford are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' Fifth Amendment claims against Defendants Dallas Bookenberger and Joseph Renfro are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs submit a supplemental response addressing whether Defendants Bookenberger and Renfro are entitled to qualified immunity in this case. Plaintiffs' response shall be submitted not more than thirty (30) days from this Order.

New Orleans, Louisiana this 10th day of May, 2017.

UNITED STATES DISTRICT JUDGE